UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

         Plaintiff,

                Case # 15-CV-887-FPG

v.

                DECISION & ORDER

LEE STROCK, et al.

         Defendants.
_____

## INTRODUCTION

Plaintiff United States of America ("Plaintiff") acting on behalf of the Department of Defense, Department of the Air Force, Department of the Army, Department of Veterans' Affairs, and the Small Business Administration brought this action against Lee Strock, Kenneth Carter, Cynthia Ann Golde, and Strock Contracting, Inc. (collectively, "Defendants") alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §3729 *et seq.*, a common law fraud claim, and an unjust enrichment claim. *See* ECF No. 1.

The full factual background of this case is set forth in this Court's January 31, 2018 Decision and Order. *United States v. Strock*, No. 15-CV-0887-FPG, 2018 WL 647471, at *1-4 (W.D.N.Y. Jan. 31, 2018). Relevant here, on January 28, 2016, each Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). ECF Nos. 17-20. By Decision and Order dated January 31, 2018, the Court granted Defendants' motions to dismiss, but also granted Plaintiff thirty days from the date of that Decision and Order to file an amended complaint. ECF No. 39.

Presently before the Court are Plaintiff's (1) motion for reconsideration of the Court's January 31, 2018 Decision and Order (ECF No. 39); and (2) motion for an extension of time to file

an amended complaint (ECF No. 40). For the reasons below, Plaintiff's motion for reconsideration is DENIED and Plaintiff's motion for an extension of time to file an amended complaint is GRANTED.

## DISCUSSION

I. **Motion to Reconsider**

   A. **Legal Standard**

Federal Rule of Civil Procedure 60 governs relief from a court judgment or order, and therefore applies to Plaintiff's reconsideration motion. *See* Fed. R. Civ. P. 60(b); *see also Barnes v. Alves*, 10 F. Supp. 3d 391, 392 (W.D.N.Y. 2014) ("Because Defendants are requesting the reconsideration of an order, the Court construes their motion for reconsideration as a motion pursuant to Rule 60(b)."). "The applicable standard is stringent." *Bausch & Lomb Inc. v. Vitamin Health, Inc.*, No. 13-CV-6498, 2015 WL 13574357, at *1 (W.D.N.Y. Sept. 29, 2015).

> As noted by the Second Circuit, the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. With respect to the third of these criteria, to justify review of a decision, the Court must have a clear conviction of error on a point of law that is certain to recur. These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.

*Id.* (quoting *Barnes*, 10 F. Supp. 3d at 393-94) (alterations in original); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). Ultimately, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *U.S. ex rel. Kolchinsky v. Moody's Corp.*, No. 12-CV-1399, 2017 WL 3841866, at *1 (Sept. 1, 2017) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

**B. Analysis**

Plaintiff seeks reconsideration of this Court's Order dismissing its Complaint on the grounds that the Complaint sufficiently alleged materiality. *See generally* ECF No. 40; ECF No. 40-1. More specifically, Plaintiff argues that (1) the Court's materiality analysis "focused too restrictively on allegations relating to government payment decisions and was narrower than the guidance articulated by [*Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016) ("*Escobar*")] and numerous courts that have interpreted this guidance;" and (2) the Court failed to conduct the "holistic" materiality analysis *Escobar* requires. ECF No. 40-1 at 6, 8.

Under the guidance of the *Escobar* Court, the FCA materiality standard is "rigorous" and requires "strict enforcement." *See Escobar*, 136 S. Ct. 1989, 1996, 2002, n.6 (2016). *Escobar* prescribed that "[a] misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's *payment decision* in order to be actionable under the [FCA]." *Id*. at 1996 (emphasis added). The Court finds that its materiality analysis was consistent with *Escobar*. Though the Court recognizes that the Second Circuit has stated that "materiality cannot rest on a single fact or occurrence as always determinative," *Bishop v. Wells Fargo & Co.*, 870 F.3d 104, 106 n.1 (2d Cir. 2017) (citation and internal quotation marks omitted), the Court's materiality analysis was consistent with this guidance as well. The Court weighed

3

several factors and, upon careful review of the Complaint, concluded that Plaintiff "fail[ed] to 'present concrete allegations from which the court may draw the reasonable inference' that Defendants' alleged falsities 'caused [Plaintiff] to make the reimbursement decision.'" *Strock*, 2018 WL 647471, at *10 (citing *Coyne v. Amgen, Inc.*, No. 17-1522-cv, 2017 WL 6459267, at *2 (2d Cir. 2017) (summary order) (citing *United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017)).

Furthermore, Plaintiff's argument that the Court's Order is inconsistent with a "holistic" materiality analysis fails as a ground for reconsideration. *Escobar* "did not itself articulate any rule requiring a 'holistic approach' to materiality—rather that language comes from the First Circuit's decision on remand." *See Kolchinsky*, 2017 WL 3841866, at *3. Thus, "[t]o the extent that this Court's holding is inconsistent with the First Circuit's interpretation of [*Escobar*], that decision is not binding precedent and accordingly not a basis for reconsideration here." *See id.*

The Court considered Plaintiff's additional arguments presented in support of its motion but is unpersuaded that Plaintiff meets the stringent standard applicable to this review. *See Barnes*, 10 F. Supp. 3d at 394 ("[The moving party] bears the burden to demonstrate that this Court made a clear error . . . ."). Accordingly, Plaintiff's motion for reconsideration is DENIED.

## II. Motion for Extension of Time to Amend Complaint

As stated above, the Court's Order granted Plaintiff leave to amend its Complaint within thirty days. *See Strock*, 2018 WL 647471, at *13. On February 28, 2018, the same day Plaintiff moved for reconsideration, Plaintiff requested an extension of time to file an amended complaint within thirty days of when the Court decided its reconsideration motion. ECF No. 41. Defendants oppose this request citing, among other things, the prejudice that has resulted, including financial hardship and stress, from ongoing litigation and a government investigation that dates back to 2011. *See* ECF No. 43 at 18, 20.

"Although the ability to amend a pleading is not automatic and requires court approval, the court should freely grant leave to amend when justice requires, absent a substantial reason to deny such leave." *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010) (citation and internal quotation marks omitted). "Thus, the determination of whether to grant leave lies entirely within the court's discretion." *Id*. Plaintiff initially requested the opportunity to amend its Complaint in its materials in opposition to Defendants' motions to dismiss and filed these motions before the deadline to amend its Complaint. *See* ECF No. 23 at 25-26. Leave to amend is a "permissive standard" and the Court recognizes that there have been several shifts in the landscape of FCA law since this lawsuit began. Accordingly, the Court finds that leave is appropriate here and grants Plaintiff thirty days from the date of this Decision and Order to file an amended complaint.

## CONCLUSION

For the reasons stated, Plaintiff's motion for reconsideration (ECF No. 40) is DENIED and its motion for an extension of time to file an amended complaint (ECF No. 41) is GRANTED. Plaintiff has thirty days from the date of this Decision and Order to file an amended complaint.

IT IS SO ORDERED.

Dated: September 27, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court