UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                Plaintiff,              Case #15-CV-0887-FPG

v.

                                                           DECISION AND ORDER

LEE STROCK, KENNETH CARTER,
CYNTHIA ANN GOLDE, and
STROCK CONTRACTING, INC.,

                                Defendants.

---

## INTRODUCTION

On October 29, 2018, Plaintiff, the United States of America ("the Government"), filed its amended complaint against Defendants alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*., (Counts I, II, III), common law fraud (Count IV), unjust enrichment (Count V), and payment by mistake (Count VI). ECF No. 48. The Government alleged that Defendants knowingly misrepresented that their company, Veteran Enterprises Company, Inc., ("VECO"), qualified as a service-disabled veteran owned small business ("SDVOSB") in order to obtain and profit from construction contracts that were set aside for SDVOSBs.

On September 24, 2019, upon Defendants' motions, the Court dismissed the Government's amended complaint with leave to amend. ECF No. 69. The Government appealed. On January 25, 2021, the Second Circuit (1) affirmed this Court's dismissal of the FCA counts against Golde, (2) reversed the dismissal of the FCA counts against Strock, and (3) vacated the dismissal of the FCA counts against Strock Contracting, Inc., as well as the federal common law claims against all Defendants, and remanded for this Court to consider the adequacy of those claims in the first instance. *United States v. Strock*, 982 F.3d 51, 68 (2d Cir. 2020).

**DISCUSSION**

A detailed discussion of the facts and the Government's claims is set forth in this Court's September 24, 2019 Decision and Order on the motion to dismiss ("MTD Order") and in the Second Circuit's opinion, and, therefore, need not be repeated here. Broadly speaking, however, the Government alleged that Defendants knowingly misrepresented that their company, VECO, qualified as an SDVOSB in order to obtain and profit from construction contracts that were set aside for SDVOSBs. The Government alleged that this conduct violated the FCA, which, in general terms, imposes liability on any person who makes a false claim for payment from the federal treasury. 31 U.S.C. § 3729(a)(1)(A)-(B).

To be actionable under the FCA, a misrepresentation like the one alleged here—"about compliance with a statutory, regulatory, or contractual requirement[—]must be material to the Government's payment decision." *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1996 (2016) (clarifying the materiality standard and characterizing it as "demanding").

In its MTD Order, the Court distinguished a "payment decision" from a decision to award a contract in the first place, and held that "a misrepresentation is not necessarily material to the Government's payment decision just because the Government would not have awarded the contract but for the misrepresentation." MTD Order, 2019 U.S. Dist. LEXIS 163290, at *30-31. In other words, the Court held that the Government needed to "sufficiently allege that VECO's SDVOSB status was material to its decision to pay VECO's claims, not just its decision to award VECO SDVOSB contracts." MTD Order, 2019 U.S. Dist. LEXIS 163290, at *21. The Court concluded that the Government had not met its burden.

The Second Circuit, however, determined that the Court "relie[d] on an unduly narrow understanding of the scope of the relevant 'payment decision.'" *Strock*, 982 F.3d at 65. It

2

"assign[ed] 'payment decision' a broader scope than either party would" and held that "the government's 'payment decision' comprised both the decision to award contracts in the first instance and the decision to ultimately pay claims under these contracts." *Strock*, 982 F.3d 60. Under that standard, the Second Circuit concluded that the Government had adequately alleged materiality.

As a result, the Second Circuit reversed the Court's dismissal of the FCA claims against Strock. It affirmed the dismissal of the FCA claims against Golde but vacated the dismissal of the FCA claims against Strock Contracting and remanded to this Court to consider the adequacy of that claim.

The Second Circuit also vacated the Court's dismissal of the Government's common law claims—fraud, unjust enrichment, and payment by mistake—against all of the Defendants. The Court had dismissed those claims on the basis that it could decline to exercise supplemental jurisdiction over them following the dismissal of the FCA claims, but the Second Circuit pointed out that this Court has original jurisdiction over the common law claims. *See* 28 U.S.C. §§ 1331, 1345. The Second Circuit remanded to this Court to consider Defendants' alternative arguments for dismissal of the common law claims.

**I.     The FCA Claims Against Strock Contracting**

To impose liability, the FCA requires that a defendant knowingly—i.e. with actual knowledge, deliberate ignorance, or reckless disregard—present or cause to be presented a false claim for payment. *See* 31 U.S.C. §§ 3729(a)(1)(A), (b)(1). Strock Contracting urges the Court to dismiss the FCA claims against it because the Government does not allege that Strock Contracting itself submitted any false claims for payment (instead, VECO did), or had the requisite knowledge that VECO was not a legitimate SDVOSB. ECF No. 53-1 at 6-7.

The Government counters that Strock Contracting is vicariously liable for Strock's misrepresentations based on respondeat superior. ECF No. 56 at 9-10; Government Brief on Appeal, No. 19-4331, ECF No. 46 at 53.  Its theory is that Strock simultaneously acted both as an employee of Strock Contracting and an employee of VECO, and was acting in the scope of his authority at both entities when causing VECO to submit the false claims,[1] thus subjecting Strock Contracting to vicarious liability.  *See STMicroelectronics v. Credit Suisse Grp.*, 775 F. Supp. 2d 525, 540 (E.D.N.Y. 2011) ("Where the evidence supports a finding that an agent made misrepresentations simultaneously on behalf of distinct entities, there is 'no difference in the fact of liability of the two as principals.'") (quoting *Slotkin v. Citizens Cas. Co. of New York,* 614 F.2d 301, 316-17 (2d Cir. 1979))).

Strock Contracting concedes that a corporate defendant may be held vicariously liable for FCA violations under an agency theory but seizes on the Government's use of the term "apparent authority" to avoid liability.  Strock Brief on Appeal, No. 19-4331, ECF No. 58 at 58.  Strock Contracting argues that Strock did not manifest Strock Contracting-authority vis-à-vis the Government, but rather manifested VECO-authority, since the false claims were submitted by VECO.  *Id.* at 59.  But apparent authority is just one form of respondeat superior liability; an employee can also act with actual authority.  *See United States v. Gatto*, 986 F.3d 104, 127 (2d Cir. 2021) (describing actual and apparent authority).  Here, the allegations suggest that Strock had actual authority, because he partially owned and controlled Strock Contracting and VECO.  It thus makes no difference which entity's authority was "apparent" to the Government.

---

[1] Any assertion to the contrary may be developed at a later stage in the proceeding.

In its opinion, the Second Circuit noted that it expressed no view about the potential merit of a vicarious liability theory, because that theory has not yet been adopted in this circuit. *Strock,* 982 F.3d 68 n.8. Nevertheless, the Court declines to dismiss the FCA claim against Strock Contracting at this time. As noted above, Strock Contracting does not contest the viability of the theory itself, nor does it argue that vicarious liability should not be applied in this circuit. Other courts have allowed FCA claims to proceed based on vicarious liability. *See, e.g.*, *United States ex rel. Jones v. Brigham & Women's Hosp.*, 678 F.3d 72, 82 n.18 (1st Cir. 2012) ("We have long held that corporate defendants may be subject to FCA liability when the alleged misrepresentations are made while the employee is acting within the scope of his or her employment.") (citing *United States v. O'Connell*, 890 F.2d 563, 568 (1st Cir. 1989)); *United States ex rel. Scollick v. Narula*, No. 14-cv-01339-RCL, 2017 U.S. Dist. LEXIS 119530, at *18 (D.D.C. July 31, 2017) (concluding that plaintiff sufficiently alleged a theory of FCA-vicarious liability based on respondeat superior where plaintiff alleged that individual defendants were senior executives of a corporate defendant and that they acted with that corporate defendant's authority when submitting false claims in the name of a different corporate entity, which, like here, was alleged to be a fake SDVOSB).

Accordingly, the Court finds that the FCA claims may proceed against Strock Contracting.

II.     **The Common Law Claims** [2]

    A.  **Fraud**

        1.  **Strock Contracting**

Strock Contracting seeks dismissal of the common law fraud claim against it for the same reasons as discussed above, i.e., that the Government does not allege that Strock Contracting itself made a material false representation. ECF No. 53-1 at 9-10. But for the same reasons as above, this argument fails. The doctrine of respondeat superior applies to fraud claims. *See Rapillo v. Fingerhut*, No. 09-CV-10429 (VSB), 2016 U.S. Dist. LEXIS 202573, at *40 (S.D.N.Y. Sep. 14, 2016) "Under New York law, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment.") (citation and quotation marks omitted); *see also, e.g.*, *Cosmos Imp. & Exp. v. Merrill Lynch, Pierce Fenner & Smith,* 96 CIV. 6224 (DLC), 1997 U.S. Dist. LEXIS 8409, at *15-17 (S.D.N.Y. June 12, 1997) (denying motion to dismiss common law fraud claim against corporate entity based on respondeat superior, and explaining that, because "fictional entities . . . can only act through their agents," particular allegations of the corporate entity's participation in the fraud is not required); *Chapin Home for the Aging v. McKimm*, No. 11-CV-

---

[2] In its amended complaint, the Government asserted claims for common law fraud, unjust enrichment, and payment by mistake without identifying the law under which those claims were brought. In their briefing, the parties cited both federal law and New York law. *See* Strock Motion to Dismiss, ECF No. 52-1 at 23-24 (citing cases discussing federal common law fraud and New York State unjust enrichment); Government Response, ECF No. 56 at 23-24 (citing cases relying on New York law for unjust enrichment and payment by mistake elements). On appeal, the Government framed these claims as being brought pursuant to federal common law, *see* Government Brief on Appeal, No. 19-4331, ECF No. 46 at 3, 11, 12, 21, 22, 24, 54, and the Second Circuit characterized the claims this way as well. *Strock*, 982 F.3d at 56, 68. It is not clear that all of these claims are cognizable under federal common law. *See In re Actos End Payor Antitrust Litig.*, No. 13-CV-9244 (RA), 2015 U.S. Dist. LEXIS 127748, at *87-88 (S.D.N.Y. Sep. 22, 2015) (explaining that "'unjust enrichment is not a catch-all claim existing within the narrow scope of federal common law,' but rather a state-specific remedy." (quoting *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 167 (E.D. Pa. 2009))); *Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 69 (2d Cir. 2018) (characterizing unjust enrichment as "a New York common law quasi-contract cause of action"); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 n.2 (2d Cir. 1998) (noting that federal common law fraud and New York state common law fraud claims are "practically identical"). Because the parties rely on New York law, or federal cases citing New York law, the Court assumes that both parties agree to the elements of these causes of action as provided by New York law.

667 (FB) (RER), 2013 U.S. Dist. LEXIS 34305, at *13 (E.D.N.Y. Mar. 11, 2013) ("[I]n the case of intentional torts, like fraud, the plaintiff must show that the tort was committed in the employer's service.").

Accordingly, the Court declines to dismiss the common law fraud claim against Strock Contracting.

### 2. Lee Strock

Strock argues that the Government's fraud claim is insufficient because it fails to allege actual monetary damages and fails to specify the theory by which damages should be calculated. ECF No. 52-1 at 23. The Court is not persuaded.

First, "'Rule 9(b) does not require that claimants plead injury with particularity,' even in fraud claims." *Tyman v. Pfizer, Inc.*, No. 16-CV-06941 (LTS) (BCM), 2017 U.S. Dist. LEXIS 212879, at *20 (S.D.N.Y. Dec. 27, 2017) (quoting *Sawabeh Info. Servs. Co. v. Brody*, 832 F. Supp. 2d 280, 305 (S.D.N.Y. 2011)).  Here, the Government's fraud claim alleged that it "sustained damages in an amount to be determined at trial" and the prayer for relief sought a judgment "for an amount to be determined at trial." ECF No. 48 ¶¶ 154, 174(B). Elsewhere in the amended complaint, the Government alleged that it paid VECO approximately $21 million on the contracts it fraudulently obtained. ECF No. 48 at ¶ 107. Strock has not offered any authority suggesting the that Government's damages allegations are insufficient. *See DNV Inv. P'ship v. Field*, No. 15 Civ. 1255 (PAC), 2017 U.S. Dist. LEXIS 144975, at *20 (S.D.N.Y. Sep. 7, 2017) (Defendants "provide no support . . . for the argument that Rule 9(b) requires damages to be pleaded with particularity. Nor has the Court located any. As a result, the Court will not dismiss Plaintiffs' claims on this basis."); *cf. Sprint Sols., Inc. v. Sam*, 206 F. Supp. 3d 755, 764 (E.D.N.Y. 2016) (holding that allegations that plaintiffs "'were damaged as a result' sufficiently plead a claim for

common law fraud and fraudulent misrepresentation under the higher pleading standard of Rule 9(b)"). The Court declines to dismiss the fraud claim against Strock on this basis.

Second, the Government's failure to specify the measure by which damages should be calculated is not fatal to its complaint. *See Cyberlease, LLC v. JP Morgan Chase Bank*, No. 04 Civ. 1221(NRB), 2005 U.S. Dist. LEXIS 17639, at *25 (S.D.N.Y. Aug. 19, 2005) (denying defendant's motion for summary judgment on fraud claim because "a mistake as to the proper rule of damages is not material to the sufficiency of a complaint"); *see also generally United States ex rel. Feldman v. van Gorp*, 697 F.3d 78, 88, 91 (2d Cir. 2012) (holding that "the appropriate measure of damages . . . is the full amount the government paid based on materially false statements"); *Williams v. C Martin Co.*, No. 07-6592, 2014 U.S. Dist. LEXIS 57265, at *31 (E.D. La. Apr. 24, 2014) (discussing various methods of calculating damages in cases similar to this one and explaining that the damages issue is for a jury to decide); *United States ex rel. Scollick v. Narula,* No. 14-cv-01339-RCL, 2017 U.S. Dist. LEXIS 119530, at *54 (D.D.C. July 31, 2017) ("The intended third party beneficiaries here are actual SDVOSBs who are eligible for SDVOSB set aside contracts. The Amended Complaint alleges that CSG and Citibuilders—who did not qualify as SDVOSBs—sought payments for contracts awarded pursuant to this SDVOSB set aside program. Thus, it has sufficiently alleged that the government received nothing of value here.").

### 3.  Cynthia Golde

On March 22, 2021, the parties filed a stipulation of dismissal of all claims against Golde with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 78. Thus, the fraud claim against Golde has been dismissed with prejudice. *Id.*

### B. Unjust Enrichment and Payment by Mistake

To state a claim for unjust enrichment, a plaintiff must (1) establish that the defendant was enriched, (2) at the plaintiff's expense, and (3) that equity and good conscience counsel against defendant's retention of what the plaintiff seeks to recover. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,* 448 F.3d 573, 586 (2d Cir. 2006). A "New York unjust enrichment claim requires no 'direct relationship' between plaintiff and defendant, only a connection that is not "too attenuated." *Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 69 (2d Cir. 2018).

Somewhat similarly, "[t]he elements of a claim for payment by mistake are that plaintiff made a payment under a mistaken apprehension of fact, that defendant derived a benefit as a result of this mistaken payment, and that equity demands restitution by defendant to plaintiff." *United States ex rel. Ryan v. Staten Island Univ. Hosp.*, No. 04-CV-2483 (JG) (CLP), 2011 U.S. Dist. LEXIS 51648, at *13 (E.D.N.Y. May 13, 2011) (explaining that both common law claims [of unjust enrichment and payment by mistake] turn on whether the . . . defendants have benefitted from what is rightfully the government's such that equity and good conscience demand restitution.").

#### 1. Strock and Strock Contracting

Strock and Strock Contracting argue that the Government's unjust enrichment and payment by mistake claims fail to allege how those Defendants unjustly enriched themselves or why the Government should be able to recover against them, when the Government made payments to VECO, not Strock or Strock Contracting.

But the amended complaint alleges that VECO made various payments to Strock, Strock Contracting, and other entities Strock owned or controlled. ECF No. 48 ¶¶102-106. Drawing all

inferences in favor of the Plaintiff, the Government sufficiently alleges that Strock and Strock Contracting enriched themselves by receiving payments from VECO after VECO received payments from SDVOSB contracts, and that it would be inequitable to keep the money because it was supposed to have been paid to legitimate SDVOSBs. *See United States ex rel. Ryan v. Staten Island Univ. Hosp.*, No. 04-CV-2483 (JG) (CLP), 2011 U.S. Dist. LEXIS 51648, at *15-16 (E.D.N.Y. May 13, 2011) ("A defendant that has received a mistaken payment may be required to restore the unearned funds to the payer even if the mistake was caused by the negligence or wrongdoing of another party. The fact that money was transferred directly from plaintiff's possession to defendant's (albeit by a third party) is enough to sustain a claim for unjust enrichment." (brackets, citation, and quotation marks omitted)); *see also, e.g.*, *United States ex rel. Forcier v. Comput. Scis. Corp.,* 183 F. Supp. 3d 510, 529 (S.D.N.Y. 2016) (finding that it would be premature to dismiss unjust enrichment claim based on defendant's argument that it "was not enriched at the Government's expense and does not possess any wrongfully obtained State funds" where the complaint alleged that defendant developed incentive structures "in the form of bonus payments based on the total amount of Medicaid reimbursements [defendant] secured for the City, and that such incentive structures violated federal and state law"); *United States ex rel. Kester v. Novartis Pharm. Corp.*, 2014 U.S. Dist. LEXIS 164222, at *25 (S.D.N.Y. Nov. 24, 2014) (holding that the cause of action of unjust enrichment "is not narrowly centered on false claims and remuneration . . . , but instead examines the overall fairness of a transaction").

2. **Golde**

As stated above, the parties stipulated to dismissal, with prejudice, of all claims against Defendant Golde. Thus, the Government's unjust enrichment and payment by mistake claims against Golde have been dismissed. *See* ECF No. 78.

## CONCLUSION

For the foregoing reasons, all of the Government's claims may proceed against Strock and Strock Contracting. The claims against Golde have been voluntarily dismissed, pursuant to Fed. R. Civ. P. 41(a)(A)(ii). ECF No. 78. The Clerk of Court is directed to terminate Golde as a defendant.

IT IS SO ORDERED.

Dated: March 23, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court